IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RODNEY J. MURPHY,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               )    Case No. 2:16-cv-968-WKW-WC
                                     )
DARYL D. BAILEY, *et al.*,           )
                                     )
            Defendants.              )

# ORDER AND RECOMMENDATION
# OF THE MAGISTRATE JUDGE

On December 14, 2016, Plaintiff filed this suit naming as Defendants the Montgomery County District Attorney, Daryl Bailey, the Montgomery County Commission, the Montgomery County Sheriff's Office, and the State of Alabama. The complaint does not explicitly state the basis for this court's exercise of jurisdiction, but, considering the character of Plaintiff's allegations and the apparent lack of diversity between the parties, the undersigned presumes that Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, seeking relief for alleged violations of his federal constitutional rights. On December 21, 2016, the District Judge entered an Order (Doc. 4) referring the case to the undersigned Magistrate Judge for "consideration and disposition or recommendation on all pretrial matters as may be appropriate." Because Plaintiff has requested leave to proceed *in forma pauperis*, *see* Mot. (Doc. 2), the complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir.

2002) (applying § 1915(e) in non-prisoner action).  That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B)(i)-(iii).  Based upon a careful review of the complaint, the undersigned concludes that Plaintiff has failed to state any claim upon which relief could be granted and that, consequently, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

A review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts.  *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face.").    Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

557) (remarking, a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'"  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible." *Id.* (internal quotations omitted).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Accordingly, Plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).  As set out below, the undersigned concludes that Plaintiff's complaint fails to withstand such scrutiny.

The entirety of Plaintiff's factual allegations against Defendants are as follows:

On September 19, 2014, I Rodney j. [sic] Murphy was arrested without warrant, falsely accused of domestic violence 3rd, theft of property 1st, possession of an illegal substance 1st, and attempted to elude the sheriff.

> Which each and every allegation was false, and malicious prosecution has partook and extreme damages have left plaintiff in an atrocious state.

Compl. (Doc. 1) at 2.  Thus, as best the court can tell, Plaintiff appears to be attempting to allege that his constitutional rights were violated by state authorities' actions in arresting and charging him with certain criminal offenses in September 2014.  The remainder of the complaint consists of a description of the types of relief he seeks from each of the Defendants and a series of interrogatories to the court which appear to concern, generally, the extent of state police powers and the law governing prosecutorial misconduct.  *See* Compl. (Doc. 1) at 2-3.

Upon review of Plaintiffs' complaint, the undersigned finds that, for several reasons, the complaint is due to be dismissed prior to service of process, pursuant to § 1915(e)(2)(B)(ii), because Plaintiff has failed to state a claim upon which relief could be granted.  First, the complaint is entirely devoid of plausible, well-pleaded factual allegations raising a right to relief that is anything more than faintly speculative.  Plaintiff's allegations that the charges against him were false and that he suffered "malicious prosecution" are precisely the sort of vague and conclusory allegations that are insufficient to satisfy the pleading requirement of Rule 8 under the *Twombly-Iqbal* regime.  Second, even if Plaintiff's allegations were not unduly vague and conclusory, the complaint is completely devoid of any allegation that, if taken as true, would defeat the absolute prosecutorial and sovereign immunity defenses which could be lodged against his claims by Defendants.  Furthermore, irrespective of the insufficiency of Plaintiff's allegations and whether or not he could cure the above deficiencies by amending his complaint, it is

4

apparent that Plaintiff's claims are time-barred.  Plaintiff's complaint makes clear that the "Date of violation" was "September 19, 2014."  Compl. (Doc. 1) at 2.  "The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Alabama is two years."  *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015).  Plaintiff filed his complaint on December 14, 2016, more than two years after the date the complaint alleges Plaintiff's violations occurred and upon which he would have had notice of the purported violations of his constitutional rights.  As such, any constitutional claim Plaintiff purports to present based on the allegations in the complaint is barred by the applicable statute of limitations.  *See also* Ala. Code § 6-2-38(h) (establishing two-year statute of limitations for "[a]ll actions for malicious prosecution").  Finally, to the extent Plaintiff is attempting to allege state-law tort claims premised on a theory of malicious prosecution, the court lacks subject matter jurisdiction over such claims due to the lack of diversity between the parties.

For all of the foregoing reasons, the undersigned concludes that Plaintiff has failed to state any claim upon which relief could be granted as to any Defendant named in the complaint.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]  Plaintiff's motion for leave to proceed *in forma pauperis* (Docs. 2) is GRANTED.  Further, it is

---

[1]     The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend his complaint.  The undersigned believes requesting such amendment would be futile because Plaintiff has presented no colorable claim of a constitutional violation and, even if he had, by its own terms any such claim is clearly time-barred by the applicable statute of

5

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **January 17, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

---

limitations.  No artful finessing of Plaintiff's core allegations or careful re-pleading of his claims will render them timely pursuant to the applicable statute of limitations.  Accordingly, leave to amend Plaintiff's complaint need not be afforded in this instance.  *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal.  Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his complaint prior to any final dismissal of the complaint.

Done this 3rd day of January, 2017.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE