IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY J. MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-968-WKW |
| | ) | (WO) |
| DARYL D. BAILEY, D.A., in his | ) | |
| official and individual capacity, | ) | |
| MONTGOMERY COUNTY | ) | |
| COMMISSION, | ) | |
| MONTGOMERY COUNTY | ) | |
| SHERIFF'S OFFICE, and | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On January 3, 2017, the Magistrate Judge filed a Recommendation. (Doc. # 5.) On January 12, 2017, Plaintiff Rodney J. Murphy filed objections. (Doc. # 6.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

Plaintiff's objections do not offer any substantive legal argument or factual assertions concerning the following critical findings of the Magistrate Judge: (1) that the complaint fails to allege facts sufficient to state a claim in compliance with Rule 8(a) of the Federal Rules of Civil Procedure; (2) that, on its face, the complaint seeks relief against defendants who are immune from such relief; (3) that Plaintiff's claims

are barred by the statute of limitations; (4) that, to the extent Plaintiff is attempting to allege state law tort claims premised on a theory of malicious prosecution, the court lacks subject matter jurisdiction due to the lack of diversity between the parties; and (5) that dismissal with prejudice prior to service of the complaint is appropriate because any amendment would be futile. In his objection, Plaintiff seeks leave to amend. However, Plaintiff offers no basis for a finding that an amendment could be anything but futile.

Upon review of the record and Plaintiff's objections, the court reaches the following conclusions: (1) that supplemental jurisdiction exists over Plaintiff's state law malicious prosecution claim, *see* 28 U.S.C. § 1367(a); (2) that the complaint fails to allege facts sufficient to state a claim against any Defendant; (3) that the federal claims in the complaint, except for claims akin to a claim for malicious prosecution,[1] are time-barred; and (4) that the federal and state law claims in the

---

[1] "For both complaints of malicious prosecution and false imprisonment, federal courts borrow the statute of limitation of the forum state." *Burgest v. McAfee*, 264 F. App'x 850, 853 (11th Cir. 2008) (citation omitted). In Alabama, actions for malicious prosecution must be brought within two years of the failure to file a notice of appeal or, if an appeal is filed, from the final decision on appeal. Ala. Code 1975 § 6-2-38; *Barrett Mobile Home Transp., Inc. v. McGugin*, 530 So. 2d 730, 733 (Ala. 1988). Documents attached to Plaintiff's complaint indicate that the prosecution arising from the September 19, 2014 arrest was originally *nol prossed* in November 2014 (Doc. # 1-4), but other unexplained documents indicate that another prosecution was initiated in 2016. The subject of the 2016 prosecution is not apparent on the face of the complaint and supporting documents. Plaintiff's objections seems to suggest that the two prosecutions are related to the same underlying alleged criminal conduct. On the whole, it is not clear from the complaint and attached documents or from Plaintiff's objections whether, prior to the filing of the complaint, the statute of limitations expired on a malicious prosecution claim arising out of the acts and omissions alleged in the complaint. Therefore, the court makes no finding as to whether Plaintiff's federal or state claims for malicious prosecution are barred by the statute of limitations.

complaint are subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(iii) on grounds that they seek relief against parties who enjoy prosecutorial and/or sovereign immunity.[2] Further, the court finds that further opportunity to amend would be futile.

Accordingly, it is ORDERED as follows:

(1) The Recommendation (Doc. # 5) is ADOPTED.

(2) This action is DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e).

A separate final judgment will be entered.

DONE this 12th day of April, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's complaint does not allege specific facts indicating any basis for the Montgomery County Commission's liability. The remaining Defendants are immune from Plaintiff's claims. *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016) (holding that "Alabama sheriffs and their deputies are state officials and are absolutely immune from suit as an officer of the state under the Eleventh Amendment" and that Alabama sheriffs are immune from prosecution under Art. I, § 14, Alabama Const. 1901); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Poindexter v. Dep't of Human Res.*, 946 F. Supp. 2d 1278, 1291 (M.D. Ala. 2013) ("[T]he Eleventh Amendment bars both federal and state law claims against states and state entities regardless of type of relief sought, with the exception of those claims that fall under the *Ex parte Young* fiction."); *Bogle v. Galanos*, 503 So. 2d 1217, 1219 (Ala. 1987) (holding that prosecutorial "immunity under state law in this case is at least as broad as immunity under a § 1983 action").